UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LYNN HENDRICKS,

        Petitioner,         Case No. 1:16-cv-329

v.         HONORABLE GORDON J. QUIST

THOMAS WINN,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

        Following a jury trial in the Muskegon County Circuit Court, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm

during the commission of felony (felony firearm), MICH. COMP. LAWS § 750.227b.  On July 9, 2012, Petitioner was sentenced to a prison term of 22 years and 6 months to 50 years on the murder conviction and two years on the felony-firearm conviction.

      Petitioner appealed his convictions, raising two grounds for relief:

I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENSE COUNSEL'S MOTION TO ADMIT HEARSAY STATEMENTS PURSUANT TO MRE 804(B)(7), BECAUSE IT MISINTERPRETED THE RULE'S REQUIREMENT OF "EQUIVALENT CIRCUMSTANTIAL GUARANTEES OF TRUSTWORTHINESS," THUS DEPRIVING MR. HENDRICKS OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE.

II. THE TRIAL COURT ERRED WHEN IT REFUSED TO INSTRUCT THE JURY REGARDING VOLUNTARY MANSLAUGHTER, A LESSER-INCLUDED OFFENSE OF SECOND-DEGREE MURDER, WHEN A RATIONAL VIEW OF THE EVIDENCE CLEARLY SUPPORTED A FINDING OF VOLUNTARY MANSLAUGHTER.

(ECF No. 1-4, PageID.62.)  Petitioner also filed a motion to remand for a new trial.  (ECF No. 1-3, Page ID.37-59.)  The Michigan Court of Appeals denied the motion to remand, but allowed appellate counsel to rely on the unadmitted hearsay statement of Antonio McBride, as if it had been properly made a part of the lower court record.  *People v. Hendricks*, No. 311573 (Mich. Ct. App. June 28, 2013) (Ord. Den. Remand), http://publicdocs.courts.mi.gov:81/coa/public/orders/2013/311573(37)_ order.pdf.  Thereafter, Petitioner sought leave to file a supplemental brief on appeal, in which he raised a third ground for relief.  In that third ground, Petitioner alleged that his minimum sentence had been unconstitutionally enhanced on the basis of judicial factfinding, in violation of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which extended to statutory minimum sentences the reasoning of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), prohibiting such enhancements to maximum sentences.  In an unpublished opinion issued on February 18, 2014, the court of appeals denied all three claims and affirmed the convictions.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same issues. In an order issued on September 5, 2014, the supreme court directed that the application be held in abeyance pending resolution of *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), which was then pending before that court. In *Lockridge*, the Michigan Supreme Court concluded that minimum sentences enhanced by judicial factfinding were unconstitutional under *Alleyne*, 133 S. Ct. 2151. On October 28, 2015, following the decision in *Lockridge*, the Michigan Supreme Court remanded Petitioner's case for a new sentencing hearing. The court, however, denied leave to appeal Petitioner's other claims.

In his initial habeas application filed on or about March 29, 2016, Petitioner did not identify the issues he intended to present on habeas review. Instead, he merely referred the Court to the state-court briefs attached to his petition. On May 12, 2016, the Court directed Petitioner to file an amended petition that clearly set forth the grounds he intended to raise on habeas review. (*See* ECF No. 4.) Petitioner now has filed an amended petition (ECF No. 5), in which he expressly indicates that he intends to seek habeas review only on the second issue raised in the state courts: whether the trial court abused its discretion and violated due process by failing to instruct the jury on the lesser-included offense of voluntary manslaughter.[1]

---

[1] Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner did not raise a federal due process claim in the state courts. He argued the issue solely as a matter of state law. His constitutional claim therefore has not been fairly presented and is not exhausted. However, notwithstanding the lack of exhaustion, this Court may deny an application for habeas relief. *See* 28 U.S.C. § 2254(b)(2).

**Discussion**

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (quotation marks omitted).

The Michigan Court of Appeals addressed Petitioner's claim as follows:

> "A necessarily lesser included offense is an offense whose elements are completely subsumed in the greater offense." *People v Mendoza*, 468 Mich 527, 540; 664 NW2d 685 (2003). Our Supreme Court has found that the elements of voluntary manslaughter are included in the elements of murder, including second-degree murder; therefore, voluntary manslaughter is a necessarily included offense in this case where defendant was charged with first-degree murder. *Id.* at 533, 541. Consequently, "when a defendant is charged with murder, the trial court must give an instruction on voluntary manslaughter if the instruction is 'supported by a rational view of the evidence.'" *People v Mitchell*, 301 Mich App 282, 286; 835 NW2d 615 (2013), quoting *Mendoza*, 468 Mich at 541. See also *Cornell*, 466 Mich at 355-356 ("it is not error to omit an instruction on such lesser offenses, where the evidence tends to prove only the greater.")
>
> Here, defendant only argues that a voluntary manslaughter instruction should have been given. The elements of voluntary manslaughter include, "defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *People v Reese*, 491 Mich 127, 143, 815 NW2d 85 (2012). "[P]rovocation is not an element of voluntary manslaughter; rather, it is a circumstance that negates the presence of malice." *Mitchell*, 301 Mich App at 286. In *People v Tierney*, 266 Mich App 687, 714-715; 703 NW2d 204 (2005), this Court considered the elements of

voluntary manslaughter and found that "[t]he degree of provocation required to mitigate a killing from murder to manslaughter is that which causes the defendant to act out of passion rather than reason." (Quotation omitted). The *Tierney* panel held that "[i]n order for the provocation to be adequate[,] it must be that which would cause a reasonable person to lose control." *Id.* at 715 (citation and quotation marks omitted). Provocation that consists only of words generally does not constitute adequate provocation. *People v Pouncey*, 437 Mich 382, 391; 471 NW2d 346 (1991). Further, "[t]he word 'passion' in the context of voluntary manslaughter describes a state of mind incapable of cool reflection. A defendant acting out of a state of terror, for example, is considered to have acted in the 'heat of passion.'" *People v Townes*, 391 Mich 578, 589 n 3, 590; 218 NW2d 136 (1974). Our Supreme Court has found that if the defendant has a sufficient "cooling-off period," the defendant has not established the necessary "heat of passion." *Poucy*, 473 Mich at 392 (30 seconds an adequate "cooling-off period).

In this case, the trial court determined that voluntary manslaughter was not a lesser included offense of first-degree murder under *Cornell*, 466 Mich at 363-364. However, in *Mendoza*, 468 Mich at 533, 540-541, our Supreme Court, quoting *Cornell*, 466 Mich at 356, found that voluntary manslaughter is a necessarily included offense of second-degree murder. Accordingly, we conclude that the trial court erred. Further, in light of its conclusion that voluntary manslaughter was not a lesser included offense of first-degree murder, the trial court did not perform the necessary analysis to determine whether the facts of this case support a voluntary manslaughter instruction. See *Mendoza*, 468 Mich at 541 ("Consequently, when a defendant is charged with murder, an instruction for voluntary and involuntary manslaughter must be given if supported by a rational view of the evidence." Nevertheless, "we will not reverse the trial court's decision where it reached the right result for a wrong reason." *People v Mayhew*, 236 Mich App 112, 118; 600 NW2d 370 (1999).

We conclude that in this case, regardless of the trial court's error, a rational view of the evidence of record does not support the giving of a voluntary manslaughter instruction. Here, nothing in the record suggested that defendant acted in the heat of passion. Under defendant's theory of the incident, he was walking with his cellular telephone in his hand across the parking lot talking to his wife when Wilson pulled into the parking lot and his SUV nearly hit defendant. Defendant testified that he threw up his hands and stepped back. Defendant testified that he then saw Wilson reach down into the SUV and pull out a gun, which caused defendant to turn around and run away. Defendant testified that he did not tell anyone that Wilson had a gun or report the incident to the police—even after the shooting—because he "didn't get harmed" and it did not make much of an impact on him. Thus, according to defendant, he took no part in the shooting. He testified that he did not have a gun and was not the shooter. Accordingly, because defendant claimed that he did not commit any kind of murder, a rational view of his testimony does not support that he acted in the heat of passion. See *Mendoza*, 468 Mich at 546-547 (involuntary manslaughter instruction was not appropriate because, in part,

>it was contrary to the defendant's theory that he never had possession of the gun used in the murder).

*People v. Hendricks*, No. 311573, slip op. at 4-6 (Mich. Ct. App. Feb. 18, 2014), http://publicdocs.courts.mi.gov:81/opinions/final/coa/20140218_c311573_65_311573.opn.pdf.

To the extent that Petitioner challenges the state court's determination of state law, his claim is not cognizable on habeas review. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76) ("'[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'").

Moreover, the Sixth Circuit Court of Appeals, sitting *en banc*, has held that the failure to give an instruction on a lesser included offense, even when requested by counsel, is not of the "character or magnitude which should be cognizable on collateral attack." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc). The *Bagby* Court held that failure to instruct on lesser included offenses in a noncapital case is reviewable in a habeas corpus action only if the failure results in a miscarriage of justice or constitutes an omission inconsistent with the rudimentary demands of fair procedure. *Id.*; *accord Tegeler v. Renico*, 253 F. App'x 521, 524 (6th Cir. 2007); *Todd v. Stegal*, 40 F. App'x 25, 28-29 (6th Cir. 2002); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001); *Samu v. Elo*, 14 F. App'x 477, 479

(6th Cir. 2001); *Williams v. Hofbauer*, 3 F. App'x 456, 458 (6th Cir. 2001). Shortly after the Sixth Circuit decision in *Bagby*, the Supreme Court emphasized that the fact that an instruction was allegedly incorrect under state law is not a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citing *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983)). Instead, the only question on habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 14 (1973)), *cited in Todd*, 40 F. App'x at 29.

Here, Petitioner does not even allege that the failure to instruct on the lesser-included offense constituted miscarriage of justice or a fundamental defect in due process. Furthermore, no clearly established Supreme Court authority requires lesser-included offense instructions in non-capital cases. Thus, under the AEDPA, 28 U.S.C. § 2254(d)(1), this claim is not a basis for habeas relief. *Todd*, 40 F. App'x at 28 (citing *Estelle*, 502 U.S. at 71-72)).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: June 10, 2016            /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE